Per Curiam.

There is no inconsistency in a verdict by a jury in favor of defendants against three plaintiffs and against defendants on a counterclaim. The jury could determine that while defendants may not have been free from negligence, plaintiffs ’ own negligence contributed to the occurrence and therefore they should not recover. With respect to the counterclaim the jury could determine that Safeway in some manner contributed to the accident although not necessarily causing it. Consequently there was no warrant for the court to disturb the verdict which was clearly within the province of the jury and which verdict is not unsupported by the record nor contrary to the weight of the credible evidence since there is nothing to indicate that the jury found Safeway free from negligence.
With respect to plaintiff Doyle, it is clear that he was a passenger in the bus and was not participating in its operation. *942 The negligence of the driver, if any, under the circumstances is not imputable to Doyle. It was error therefore to charge that if Orange & Black Bus Lines, Inc., was contributorily negligent and injured Doyle, the verdict must be for the defendant. It was error also to refuse to charge that if there was negligence on the part of Safeway toward the occurrence, Doyle was entitled to recover.
The judgment should be modified to the extent of reversing the judgment in favor of defendant Safeway Trails, Inc., against plaintiff Orange & Black Bus Lines, Inc., on the counterclaim and the verdict of the jury with respect thereto should be reinstated; the judgment in favor of defendants against plaintiff Doyle should be reversed and a new trial ordered on his cause of action; and as modified affirmed, with $25 costs as of one appeal to appellants Orange & Black Bus Lines, Inc., and Louis D. Doyle.
Hofstadter, Stetjer and Heoht, JJ., concur.
Judgment modified, etc.